## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **EVETTE PERSON,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.:** |
| **vs.** | _____ |
| **KAISER FOUNDATION HEALTH PLAN OF GEORGIA, INC.** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COMES NOW, Plaintiff Evette Person (hereinafter "Plaintiff"), in her Complaint against Defendant Kaiser Foundation Health Plan of Georgia, Inc. (hereinafter "Kaiser" or "Defendant") showing the Court as follows:

## INTRODUCTION

1.      This is an action arising out of the Fair Labor Standards Act, 29 U.S.C. §§ 201-216. Plaintiff is a resident of the State of Georgia and former employee of Kaiser, which was the FLSA employer of Plaintiff for the relevant period of time. Plaintiff served within a job that was non-exempt from the FLSA, and was paid a salary, but not paid the overtime premium for weekly hours worked in excess of forty (40). Plaintiff brings this action to recover from Defendant unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to Section

6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), as described below.

2.      From the commencement of Plaintiff's employment at Kaiser through her resignation, Plaintiff regularly worked more than 40 hours a week. However, Defendant failed to pay time and one-half for hours worked over 40 hours weekly. Plaintiff was never paid as required by the Fair Labor Standards Act.

## PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff Evette Person resides in Fulton County Georgia at 4025 Marshwood Trace, College Park, Georgia 30349.

4.      Kaiser Foundation Health Plan of Georgia, Inc. is and was a Georgia domestic insurance company doing business in this judicial district. Kaiser Foundation Health Plan of Georgia, Inc. may be served by its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

5.      Defendant's business activities involve those to which the Fair Labor Standards Act applies, and Defendant is an employer under the FLSA, 29 U.S.C. § 203.

6.      Defendant Kaiser is a covered employer under the FLSA under the FLSA, 29 USC § 203.

7.     At all times material hereto, Plaintiff was an "employee" of Defendant Kaiser as defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1) and, from August 9, 2013 through October 23, 2017, Plaintiff was "engaged in commerce" as an employee of Defendant Kaiser as defined by the FLSA 7(a)(1), 29 U.S.C. 207(a)(1).

8.     Plaintiff is individually covered under the FLSA because Plaintiff's work constitutes an engagement in interstate commerce, or the production of goods for interstate or foreign commerce, including any closely related process or occupation directly essential to such production. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period.  Plaintiff's work for the Defendant engaged in interstate commerce for the relevant time period because Plaintiff's employment utilized telephone, facsimile machine, the U.S. mail, or a computer e-mail system to communicate with persons in another state and/or utilized the materials that are transported through interstate commerce prior to and/or subsequent to Plaintiff's work with same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while they worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

**9.**     This Court has original jurisdiction upon the Plaintiff's claims, based upon the Plaintiff's FLSA allegations, and pursuant to 28 U.S.C. §1331 and §1337.

**10.**     Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c) because Defendant resides and does business in this judicial district and a substantial portion of the evidence giving rise to the claims herein arose in this judicial district.

## FACTS

**11.**     Defendant hired Plaintiff with the title Patient Business Office ("PBO") supervisor on or around August 9, 2013, with a salary of approximately $60,000 per year. Plaintiff's position was subsequently renamed as Financial Counselor.  In this position, Plaintiff's primary duty was to give medical financial assistance ("MFA") forms to members (who would fill them out), to receive information from the member(s) to place it onto an accompanying form, and then to send both forms to the corporate office, which would make a determination as to whether the patient qualified for MFA.  Plaintiff would then inform the member as to the corporate office's decision.

**12.**     Plaintiff also performed the following duties:  taking member requests about lost payments, and reviewing a spreadsheet to locate said lost payments, and then informing the patient about the location of the lost payment and transferring that payment from the spreadsheet to the customer's account.  Plaintiff also made bank deposits.  At the beginning of each month, Plaintiff would perform data entry

4

for financial transactions and sometimes would review the data to find a missing entry and report that missing entry.

13.      Plaintiff was required to work full time every week, and certain weeks would work late into the evening (8-10 p.m.) performing the above tasks.  When not in the office late, Plaintiff would work from home (in the evenings and on weekends) using her company laptop provided by Kaiser.  In addition, Plaintiff was required to work (appx. every 3rd week) on-call Friday after work from 4pm – 9 pm, Saturday from 10am – 6pm, and Sunday from 10am – 6pm.

14.     From the period of three (3) years prior to filing of this complaint, Plaintiff dutifully and faithfully performed all the work assigned to her by the Defendant and worked more than forty (40) hours every week, including many weeks where she worked 50-60 hours in a week.

15.     At all times relevant hereto, Plaintiff, during her employment with Kaiser, did not have the authority to hire or fire or supervise others, did not perform work directly related to management or business operations, and did not exercise discretion and independent judgment with respect to matters of significance.

16.     Defendant failed to keep required weekly time records for Plaintiff's weekly hours worked, as required by 29 U.S.C. § 211(c) (requiring every employer to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by

5

him"); *see also* 29 C.F.R. § 516.2(a)(7) (requiring that employers maintain records of "[h]ours worked each workday and total hours worked each workweek" by employees).

17.     Defendant's failure to pay Plaintiff overtime was willful. Defendant was aware that Plaintiff did not qualify for any exemption under the FLSA, and routinely expected Plaintiff to work long hours every week.  Defendant knew that this would be a violation of the FLSA.

## COUNT I – FLSA VIOLATIONS

18.     Plaintiff re-alleges the paragraphs above and incorporates them by reference to this count.

19.     Defendant is an employer under the FLSA, 29 U.S.C. § 203.

20.     Plaintiff was an employee covered by the FLSA and entitled to the overtime protections set forth in 29 U.S.C. § 207(a).

21.     During her employment in the three (3) years prior to the filing of this lawsuit, Plaintiff worked in excess of forty (40) hours nearly every week.

22.     Defendant did not pay Plaintiff at one and one-half times her regular rate for work in excess of forty (40) hours in any week.

23.     Defendant's policies, as stated above, have caused Plaintiff to be deprived of overtime due to her.

24.     Defendant's policies as stated above, constitute a violation of 29 U.S.C. § 206, 207(a)(1) requiring overtime to be paid for all hours worked in excess of forty (40) per week.

25.     Defendant willfully failed to pay Plaintiff at one and one-half times her regular rate for work in excess of forty (40) hours in any week.

26.     Plaintiff is entitled to payment of overtime in an amount to be determined at trial in accordance with 29. U.S.C. § 216(b).

27.     As a result of the nonpayment of the overtime premium, Plaintiff is entitled to liquidated damages, litigation costs, and reasonable attorneys' fees in accordance with 29 U.S.C. § 216(b).

28.     Pursuant to 29 U.S.C. § 216(b), Defendant is liable to Plaintiff in the amount of her unpaid overtime, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays this Court grant the following relief:

a.     A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b.     An award of past due wages for Plaintiff for the three years preceding the filing of this complaint;

c.      That the Court award Plaintiff liquidated damages for the violations of law alleged herein;

d.      That this Court award Plaintiff her reasonable attorneys' fees and expenses of litigation;

e.      That Plaintiff be awarded prejudgment interest, her costs and disbursements herein;

f.      Any and other such further relief this Honorable Court or the Finder of Fact deems equitable and just.

This 12th day of July, 2018.

Respectfully submitted,

By:   /s/ Douglas R. Kertscher
      Douglas R. Kertscher
      Georgia State Bar No. 416265
      Email:     drk@hkw-law.com
      *Attorney for Plaintiff*

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:  (770) 953-0995
Facsimile:   (770) 953-1358

## <u>CERTIFICATION UNDER L.R. 7.1D</u>

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 12th day of July, 2018.

Respectfully submitted,

By:   /s/ Douglas R. Kertscher
      Douglas R. Kertscher
      Georgia State Bar No. 416265
      Email:      drk@hkw-law.com
      ***Attorney for Plaintiff***

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:  (770)  953-0995
Facsimile:   (770)  953-1358