THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EVETTE PERSON, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>KAISER FOUNDATION )<br>HEALTH PLAN OF )<br>GEORGIA, INC., )<br>)<br>  Defendant. )<br>_____) | Civil Action File No.:<br>1:18-cv-3339-SCJ |

**JOINT MOTION FOR APPROVAL OF AGREEMENT TO SETTLE PLAINTIFF'S FAIR LABOR STANDARDS ACT CLAIM WITH INCORPORATED BRIEF IN SUPPORT THEREOF**

Plaintiff Evette Person ("Plaintiff") and Defendant Kaiser Foundation Health Plan of Georgia, Inc. ("Defendant") (jointly referred to as the "Parties"), through their respective undersigned counsel, jointly move the Court to approve their settlement of Plaintiff's Fair Labor Standards Act claim and show the Court as follows:

1. Plaintiff filed her Complaint against Defendant on July 12, 2018, alleging violations of the Fair Labor Standards Act ("FLSA"). (Dkt. No. 1).

2. Defendant filed its Answer on August 16, 2018, denying key material allegations and asserting appropriate defenses. (Dkt. No. 6).

1

3. The Parties have engaged in a meaningful discovery process, including written discovery and documentation.

4. Defendant hired Plaintiff as a "Supervisor, Patient Business Office" on or around August 9, 2013. Plaintiff's title subsequently changed to "Financial Counselor."

5. The Parties agree that the instant adversarial action involves disputed factual and legal issues.

6. The factual and legal disputes include, but are not limited to, the number of unpaid hours, if any, worked by Plaintiff, whether Plaintiff was exempt from the overtime requirements of the FLSA, and whether Plaintiff is entitled to recover liquidated damages.

7. Defendant contends that Plaintiff is not entitled to any overtime pursuant to the FLSA because she is exempt from such requirements.

8. Given the disputes at issue, Plaintiff is not assured of success of her claims.

9. While participating in discovery, the Parties, with the assistance of their respective attorneys, also engaged in extensive settlement discussions that enabled each party to better understand and assess the details and substance of their respective claims and defenses.

10. Based upon their respective understandings and assessments, Plaintiff and Defendant negotiated and entered into a Settlement Agreement and Release (the "Agreement"), attached hereto as **Exhibit A**.

11. In entering into the Agreement, Plaintiff and Defendant acted at arms' length, in good faith, with the advice of counsel, and with an awareness as to the disputes of fact and law that could affect the resolution of Plaintiff's FLSA claim absent settlement.

12. The Parties agree that this settlement is a reasonable means for all Parties to minimize future risk and litigation costs.

13. Therefore, with advice of counsel, the Parties have elected to enter into the Agreement and are satisfied with the terms and conditions contained therein, which they believe represent a fair and reasonable compromise of a *bona fide* dispute over FLSA provisions.

14. Pursuant to established legal precedence, judicial approval is required to give effect to Plaintiff's release of FLSA claims, which is material to the enforceability of the Agreement. *See Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. of Lab., Empl. Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Price v. Atlanta Fin. Associates, Inc.*, 1:10-CV-01601-

HLM, 2010 WL 11598121 at *1 (N.D. Ga. Dec. 8, 2010). Accordingly, the parties recognize that settlement of Plaintiff's FLSA claim requires this Court's approval.

15.  Plaintiff and Defendant have agreed to the amounts to be paid Plaintiff's attorneys, and thus no judicial scrutiny of attorneys' fees is required. *Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 at *3-4 (M.D. Fla. Dec. 26, 2006) (the FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action).

16.  The undersigned counsel for the Parties confirm there was no collusion regarding the settlement of this matter and agree that continuing to litigate this matter would not be an efficient use of the Court's time and resources, and would not be beneficial to the Parties.

WHEREFORE, the Parties respectfully request that this Court review and approve the Agreement to resolve Plaintiff's FLSA claim. For the Court's convenience, a proposed Order granting this Motion is attached hereto.

Respectfully submitted, this 19th day of December, 2018.

| /s/ Douglas Kertscher | /s/ Frederick C. Dawkins |
|---|---|
| Douglas R. Kertscher | Frederick C. Dawkins |
| Georgia Bar No. 416265 | Georgia Bar No. 213460 |
| Hill, Kertscher & Wharton, LLP | Frederick C. Dawkins, Esq. |
| 3350 Riverwood Parkway | 3379 Peachtree Road |
| Suite 800 | Suite 555 |
| Atlanta, Georgia 30339 | Atlanta, Georgia 30326 |

| | |
|---|---|
| (770) 953-0995 (Telephone) <br> drk@hkw-law.com | (404) 974-9543 (Telephone) <br> *fdawkins@fcd-law.com* |
| Counsel for Plaintiff | Counsel for Defendant |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **EVETTE PERSON,** | |
| Plaintiff, | **CIVIL ACTION FILE NO.:** |
| vs. | **1:18-cv-03339-SCJ** |
| **KAISER FOUNDATION HEALTH PLAN OF GEORGIA, INC.** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this date caused to be filed a true and correct copy of the within and foregoing **JOINT MOTION FOR APPROVAL OF AGREEMENT TO SETTLE PLAINTIFF'S FAIR LABOR STANDARDS ACT CLAIM WITH INCORPORATED BRIEF IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system that automatically sends e-mail notification of such filing to counsel of record.

This 19th day of December, 2018.

/s/ Douglas R. Kertscher
Douglas R. Kertscher
Georgia State Bar No. 416265
Email: drk@hkw-law.com
*Attorney for Plaintiff*

6